THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH

| | |
|---|---|
| JAMES HALE,<br><br>                    Plaintiff,<br><br>v.<br><br>GORILLA LADDER COMPANY, TRICAM INDUSTRIES, INC., a Minnesota Corporation d/b/a GORILLA, HOME DEPOT U.S.A., INC., a Georgia Corporation,<br><br>                    Defendants. | MEMORANDUM DECISION AND ORDER GRANTING MOTION FOR SUMMARY JUDGMENT<br><br>Case No. 2:25-cv-00128-DBP<br><br>Magistrate Judge Dustin B. Pead |

This matter is before the court on Defendants' Motion for Summary Judgment.[1] The court has carefully reviewed Defendants' pleadings including Defendants' unrefuted expert report and the deposition of Plaintiff James Hale. After doing so, the court concludes that Defendants are entitled to judgment as a matter of law and as set forth herein Defendants' Motion is Granted.

**BACKGROUND**

On October 28, 2022, Plaintiff James Hale was working as a painter for Salt Lake Community College. He climbed up a ladder manufactured by Defendant Tricam Industries (accident ladder) that had been purchased from the other Defendant in this matter, Home Depot. While on the Gorilla branded ladder Plaintiff fell and injured himself. Hale claims that while he was on the accident ladder the left leg snapped into two pieces below the rivet and screw on the lower leg and he fell. Suffering injuries from the fall Plaintiff brings claims for strict liability,

---

[1] Motion for Summary Judgment, ECF No. 20. The parties consented to the jurisdiction of the undersigned to conduct all proceedings in this case. ECF No. 8.

product liability based on negligence, breach of the implied warranty of merchantability, and breach of express warranty.

On January 20, 2026, Defendants moved for summary judgment. Plaintiff did not file any opposition to the Motion, and the court entered an Order to Show Cause on May 14, 2026, ordering a response as to why the Motion should not be granted.[2] Plaintiff failed to respond. The Local Rules provide that if a party fails to timely respond to a motion for summary judgment, "the court may grant the motion without further notice if the moving party has established that it is entitled to judgment as a matter of law."[3] In similar fashion, under Federal Rule 56(e) the court may consider a fact undisputed for the purposes of a motion for summary judgment and grant summary judgment if the movant is entitled to it.[4]

For purposes of this Motion the court adopts Defendants' undisputed statement of material facts. This includes the following facts. The accident ladder is subject to both ANSI standards and OSHA regulations. Tricam and an independent testing firm confirmed that the ladder model involved in the accident met the applicable ANSI standards. The accident ladder came with warnings and instructions that "address, among other things, numerous aspects of proper set-up and use and directly warn users of the consequences of failing to comply with these instructions."[5] Hale read the accident ladder's warnings and instructions after purchasing it and

---

[2] Order to Show Cause, ECF No. 21.

[3] DUCivR 56-1(f) (2025).

[4] Fed. R. Civ. P. 56(e) (If a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c), the court may:

(1) give an opportunity to properly support or address the fact;

(2) consider the fact undisputed for purposes of the motion;

(3) grant summary judgment if the motion and supporting materials--including the facts considered undisputed--show that the movant is entitled to it").

[5] Motion at 3 (quoting Ex 1A at 25).

as he testified, he had climbed the accident ladder over 7,000 times before the accident. On the accident ladder are labels that provide the following warnings:

> Keep body centered between side rails. Do not overreach.
> Set all four feet on firm level surface.
> Do not 'walk' or 'jog' ladder when standing on it.
> Keep ladder close to work; avoid pushing or pulling off to the side of ladders.[6]

At the time of the accident Hale was standing on the accident ladder's top platform. Hale turned his body partially and reached towards a smudge or stray paint mark to clean it. While Hale was reaching out and his body was moving the accident occurred. Plaintiff was looking up and then suddenly, he felt he was falling. The accident ladder's left rear cantilever is bent inward.

In contrast to Plaintiff's allegations that the ladder failed causing the accident, Defendants assert that Hale caused the accident when he imparted forces on the accident ladder that tipped it over to the left. Defendants' expert opined this was the cause of the accident and the damage pattern on the accident ladder was the result of the accident and not the cause of the accident.[7]

### LEGAL STANDARDS

Under Rule 56(c), "summary judgment is proper 'if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.'"[8] The Supreme Court has noted that the plain language of Rule 56(c) "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a

---

[6] Motion at 6 (quoting Ex. 1A at 25).

[7] Ex 1A at 42.

[8] *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S. Ct. 2548, 2552, 91 L. Ed. 2d 265 (1986) (quoting Fed. R. Civ. P. 56(c)).

party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial."[9] The "nonmoving party must come forward with 'specific facts showing that there is a genuine issue for trial.'"[10] "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial."[11] Finally, "[o]n summary judgment the inferences to be drawn from the underlying facts ... must be viewed in the light most favorable to the party opposing the motion."[12]

## DISCUSSION

Defendants first argue Plaintiff's claims fail because Plaintiff offers no testimony of defect and causation. Because there is no general federal product lability law this court applies the state substantive law of Utah for Plaintiff's claims. Utah courts have noted that the casual connection between an alleged negligent act and an injury is never presumed, and it is one that the plaintiff "is always required to prove affirmatively."[13] To help establish this connection generally expert testimony is needed. "It is only in the most obvious cases that a plaintiff may be excepted from the requirement of using expert testimony to prove causation."[14] In particular, expert testimony may be necessary in matters involving specialized knowledge such as medicine

---

[9] *Id.*

[10] *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S. Ct. 1348, 1356, 89 L. Ed. 2d 538 (1986) (quoting Fed. R. Civ. P. 56(e).

[11] *Id.* (citation modified).

[12] *United States v. Diebold, Inc.*, 369 U.S. 654, 655, 82 S.Ct. 993, 994, 8 L.Ed.2d 176 (1962).

[13] *Fox v. Brigham Young Univ.*, 2007 UT App 406, ¶ 21, 176 P.3d 446.

[14] *Id.*; *see also Niemela v. Imperial Mfg., Inc.*, 2011 UT App 333, ¶ 22, 263 P.3d 1191, 1199 (applying these requirements).

or engineering.[15] Here, the construction of the accident ladder fits within the engineering category.

Plaintiff did not disclose an expert to opine on the alleged defect in the accident ladder or on the cause of the accident. The court has reviewed Defendants' expert reports and opinions. Although they are not objected to, they do appear to be sound and based on reasonable theories and testing. The court agrees that failing to refute this opinion undermines the needed elements of defects and causation to Plaintiff's claims.

This is not the only shortcoming in Plaintiff's case. As argued by Defendants, the court agrees that Plaintiffs claims are deficient for additional reasons.

To prevail on a claim for strict products liability, a plaintiff must show "(1) that the product was unreasonably dangerous due to a defect or defective condition, (2) that the defect existed at the time the product was sold, and (3) that the defective condition was a cause of the plaintiff's injuries."[16] "[I]t is not enough to simply show that the product failed."[17] A design defect or a defective condition exists if the defect "made the product unreasonably dangerous to the user or consumer."[18] "Furthermore, Utah law establishes a statutory presumption of nondefectiveness when the product conforms to government standards in existence at the time the product was designed or manufactured."[19]

---

[15] *See Blank v. Garff Enters. Inc.*, 2021 UT App 6, ¶ 29, 482 P.3d 258, 266 (noting the necessity of excerpt testimony in certain cases).

[16] *Lamb v. B & B Amusements Corp.*, 869 P.2d 926, 929 (Utah 1993).

[17] *Burns v. Cannondale Bicycle Co.*, 876 P.2d 415, 418 (Utah Ct. App. 1994).

[18] Utah Code Ann. § 78B-6-703 (modified by AUTONOMOUS SYSTEMS AMENDMENTS, 2026 Utah Laws Ch. 286 (S.B. 292)).

[19] *Fortune v. Techtronic Indus. N. Am.*, 107 F. Supp. 3d 1199, 1202 (D. Utah 2015).

Here, the undisputed evidence establishes that the accident ladder was designed and manufactured in accordance with government standards. Thus, it is entitled to a presumption of nondefectiveness. Based on the evidence before the court, Plaintiff has not met the required elements to establish strict products liability.

Next, to establish product liability based on negligence, a plaintiff must show the essential element of a duty of reasonable care owed by a defendant to the plaintiff.[20] Utah courts consider the following factors when ascertaining whether a duty of reasonable care exists: "(1) the extent that the manufacturer could foresee that its actions would cause harm; (2) the likelihood of injury; (3) the magnitude of the burden of guarding against it; and (4) the consequences of placing the burden on the defendant."[21]

The undisputed evidence weighs in favor of Defendants as to the first two factors and Plaintiff fails to present the needed evidence as to the remining factors. Thus, this claim also fails.

Third to establish a claim for breach of the implied warranty of merchantability, "Plaintiff must show that Defendants, as merchants, sold a good which did not meet one of the standards of merchantability: (1) passes without objection; (2) is of fair average quality; (3) is fit for ordinary purposes; (4) is of even kind, quality and quantity; (5) is adequately contained, packages and labeled; or (6) conforms to promises on the packaging."[22] Plaintiff has failed to provide evidence meeting the elements for this claim. Further, "for purposes of a tort claim for breach of the implied warranty of merchantability, Utah law provides that the warranty is breached only if the

---

[20] *AMS Salt Indus. v. Magnesium Corp. of Am.*, 942 P.2d 315, 320 (Utah 1997).

[21] *Slisze v. Stanley-Bostitch*, 1999 UT 20, ¶ 12, 979 P.2d 317, 320.

[22] *Spencer v. Harley-Davidson, Inc.*, 2018 WL 3972925, at *7 (D. Utah Aug. 20, 2018) (citing Utah Code Ann § 70A-2-314 Implied warranty—Merchantability—Usage of trade).

plaintiff establishes the elements of a strict-products-liability claim for defective manufacture, defective design, or failure to warn."[23] Because Plaintiff fails to establish strict products liability here this claim additionally fails.

Finally, to recover under a breach of express warranty, a plaintiff must establish the following: "(1) that Defendants made an express warranty about the good that became part of the basis of the parties' bargain upon which Plaintiff relied, (2) that the good did not conform to this warranty, resulting in a defective and unreasonable dangerous condition, (3) that Plaintiff was harmed, (4) that the defective condition and failure of the good to confirm to the warranty was a cause of Plaintiff's harm, and (5) Plaintiff could have reasonably been expected to use or be affected by the good."[24] The evidence offered by Plaintiff does not meet these elements. For example, there is nothing offered concerning an express warranty offered by Defendnats upon which Plaintiff relied. In summary this claim also fails.

## CONCLUSION AND ORDER

Having reviewed Defendants' Motion and the record in this case, the court finds that Defendants have established that they are entitled to judgment as a matter of law. Accordingly, Defendants' Motion for Summary Judgment is GRANTED. This matter is closed, and judgment is entered in favor of Defendants.

DATED this 1 June 2026.

_____
Dustin B. Pead
United States Magistrate Judge

---

[23] *Kirkbride v. Terex USA, LLC*, 798 F.3d 1343, 1354 (10th Cir. 2015).

[24] *Spencer*, 2018 WL 3972925, at *7 (citing MUJI 2d CV1029, Utah Ann. § 70A-2-313).